**Betty L. DERRIG, Appellee,**

v.

**Lawrence T. DERRIG, Appellant.**

**No. 54340.**

Supreme Court of Iowa.

May 5, 1971.

Gerald Shaffer, Fort Dodge, for appellant.

Claire Carlson, of Bastian, Beisser & Carlson, Fort Dodge, for appellee.

MOORE, Chief Justice.

In this action both parties sought a decree of divorce on the ground of cruel and inhuman treatment under section 598.8(5, Code 1966. This case was tried and decided prior to July 1, 1970, the effective date of House File 1137, Acts of the 63rd General Assembly, Second Session (now chapter 598, Code 1971), when our divorce law was completely revised and changed. Although of great importance to the parties it has little precedential value.

The trial court granted plaintiff a divorce, determined property rights, gave plaintiff custody of the parties' son, Mark, age seven, with certain visitation rights to defendant, and ordered payment of child support and alimony. Defendant has appealed. Our review is de novo. Rule 334, Rules of Civil Procedure.

I. Defendant first asserts the trial court erred in finding he had been guilty of cruel and inhuman treatment such as to endanger plaintiff's life. After careful review of the record we find as did the trial court that:

"On occasion defendant would drink intoxicants, and would then become angry and quarrelsome. He has a hot temper. He would come home and fight with his wife. On occasions he has beaten her and inflicted bruises on her. The police have been called to obtain peace. Defendant has threatened after drinking and quarreling, to remove the parties' boy from the house in the middle of the night. Once he attempted to do so until restrained by officers.

"Defendant's drinking and fighting has upset plaintiff to such extent and rendered her so nervous that she has had to take drugs and have the care of a physician. The small son has also become very nervous and high strung from the continual strife."

Applicable legal principles regarding cruel and inhuman treatment have been repeatedly noted in our prior cases including Beno v. Beno, 260 Iowa 442, 445, 149 N.

W.2d 778, 780, and Sigler v. Sigler, 260 Iowa 748, 749, 750, 150 N.W.2d 287, 288, 289, and need not be repeated.

Applying those principles to the facts here we find defendant's first assigned proposition for reversal is without merit.

■ II. Defendant next argues the property division made by the trial court is inequitable. We do not agree. The parties were married January 12, 1946 and lived together until June 1969. They started with no assets and by their joint efforts accumulated real property appraised at $6500, several automobiles (defendant engaged in automobile racing), earth moving heavy equipment, household furnishings and equipmemt and personal effects.

The trial court attempted to make an equal division of the parties' assets. We hold this was correct and the property disposition set out in the decree is affirmed.

■ III. Defendant's third and last assigned proposition is his child visitation rights should be enlarged. He admits plaintiff is a good mother. Plaintiff was granted custody of Mark with provisions defendant may take the child from plaintiff's home during Mark's Thanksgiving, Christmas and Easter school vacations. Defendant was also given the right to have Mark with him the first and third weekends of each month from 9:00 a. m. Saturday to 8:00 p. m. Sunday. We are not convinced from the record before us that Mark's welfare would be better served by enlarging these visitation provisions.

We have carefully considered each of defendant's three assigned propositions and find no reason to change the decree and judgment.

Affirmed.

All Justices concur except UHLENHOPP and REYNOLDSON, JJ., who take no part.